IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:13-cv-00051-MR
[Criminal Case No. 2:05-cr-0003-MR-DLH-1]

| | |
|---|---|
| MARCOS GALINDO-XOCHIHUA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I. PROCEDURAL HISTORY

On April 7, 2005, Petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. [Criminal Case No. 2:05-cr-00003-MR-DLH-1, Doc. 58: Plea Agreement; Doc. 116: Judgment]. On September 6, 2005, this Court sentenced Petitioner to 240 months' imprisonment. [Id.]. The Government appealed, and Petitioner cross-appealed, but on April 17, 2006, the Fourth Circuit dismissed the appeal. [Id., Doc. 146: Mandate].

Petitioner placed the instant motion to vacate in the prison system for mailing on December 8, 2013, and it was stamp-filed in this Court on December 12, 2013. In the motion to vacate, Petitioner contends that his sentence is unconstitutional in light of the U.S. Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final ninety days after the Fourth Circuit Court of Appeals dismissed the appeal on April 17, 2006. See United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004) (where the petitioner did not file a petition for writ of certiorari with the Supreme Court, the petitioner's § 2255 motion to vacate became final ninety days after the Court of Appeals dismissed the petitioner's direct appeal). Because Petitioner did not file his motion to vacate until on or around December 12, 2013, his motion is untimely under § 2255(f)(1). Petitioner argues,

however, that the petition is timely under § 2255(f)(3), which provides that a petition may be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner contends that the petition is timely under § 2255(f)(3) because it was filed within one year of <u>Alleyne</u>. Section 2255(f)(3) does not apply to render the petition timely, however, because the United States Supreme Court has not found that <u>Alleyne</u> is retroactive to cases on collateral review.[1] In <u>Alleyne</u>, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. The Court resolved <u>Alleyne</u> on direct, rather than collateral review, and it did not declare that its new rule should be applied retroactively to collateral cases.

---

[1] Moreover, <u>Alleyne</u> does not apply to Petitioner because Petitioner was not subject to a mandatory minimum based on any finding of fact by this Court. Petitioner argues that <u>Alleyne</u> was violated because he contends that his sentence was enhanced by this Court's finding under United States Sentencing Guidelines § 3B1.1(a) that Petitioner was an organizer or leader. A finding that a defendant was an organizer under § 3B1.1(a), however, does not increase a defendant's mandatory minimum sentence. Instead, it is used to determine the advisory range of punishment within the guidelines sentencing range. <u>See</u> <u>Porter v. United States</u>, No. 3:13cv2014, 2014 WL 803666, at *2 (N.D. Tex. Feb 28, 2014) ("Contrary to Petitioner's assertion . . . the section 3B1.1(b) enhancement did not raise the mandatory minimum sentence in his case. It was but one factor in the calculation of the advisory guideline range of punishment within the sentencing range prescribed by statute.").

Indeed, Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Supreme Court has decided that other rules based on Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348 (2004).

In sum, the § 2255 petition is time-barred. Furthermore, Petitioner does not assert, nor does the Court find, any circumstances that would warrant equitable tolling. Therefore, the petition will be dismissed.[2]

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing

---

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his § 2255 petition, Petitioner addressed the statute of limitations issue by contending that the petition is timely under § 2255(f)(3).

5

Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 11, 2014

Martin Reidinger
United States District Judge